STATE, Respondent, v. DALY, Appellant.

(275 N. W. 71)

(File No. 8029. Opinion filed September 24, 1937)

*Charles Lacey* and *Jerry Maher,* both of Sioux Falls, for Appellant.

*Clair Roddewig,* Atty. Gen., and *Windsor Doherty,* Asst. Atty. Gen., for the State.

POLLEY, J.   Appellant was convicted of the crime of forgery in the third degree.   His motion for a new trial was denied, and he appeals.

The record shows that the appellant executed a certain check for the payment of $13.50, payable to Denny Daly.   He signed the name of Earl A. Faris to the check and indorsed it "D. E. Daly" on the back.   He then turned it over to Jack Gilchrist, for which Gilchrist paid him the sum of $13.50.   At the time of this transaction appellant was working for Earl Faris and this fact was known to Gilchrist.   The check was presented to the bank for payment.   Payment was refused, and the check was returned stamped "no account."

The above facts are all admitted by appellant, but as a defense appellant claims that the check was delivered to Gilchrist with the understanding that it was merely given to be held by Gilchrist as a memorandum showing that he had gotten $13.50 for it.   Gilchrist denied such understanding.   Both parties testified that when the check was delivered to Gilchrist he asked appellant if the check was good.   Daly testified that he replied in answer to the question that the check "would be good." Gilchrist testified that Daly said the check "was good"; and Gilchrist further testified that when he took the check he believed it was good.   This dispute presented a question of fact to the jury, and the jury by its verdict found against the defendant.

Appellant predicates error upon certain alleged misconduct on the part of the state's attorney at the trial.   We are unable to find where the appellant was prejudiced by this conduct on the part of the state's attorney because, conceding that the conduct of

the state's attorney was improper, the facts admitted by the appellant are sufficient to support the verdict.

The judgment and order appealed from are affirmed.

All the Judges concur.